```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**TERRI HUGHES HARWOOD,**

      Plaintiff,

v.                          Civil Action No. 2:19-cv-00577

**ARCH COAL, INC.**, a Delaware
corporation; **ARCH COAL GROUP,
LLC**, a Delaware limited Liability
company; and **MINGO LOGAN COAL LLC**,
a Delaware limited liability company,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Terri Hughes Harwood's motion to file an amended and supplemental complaint, filed March 13, 2020.

### I. Background

Plaintiff filed the original complaint on August 6, 2019 against defendants Arch Coal, Inc.; Arch Coal Group, LLC; and Mingo Logan Coal LLC ("Mingo Logan"). Compl., ECF No. 1 ("Compl."). After working for defendants for approximately 14 years and reaching the role of Human Resource Supervisor, plaintiff applied for the job of Human Resources Manager in 2019. This application was unsuccessful as defendants hired a

39-year-old male, Jeremy S. Thompson, for the position instead. Id. ¶¶ 7-15. The complaint alleges that defendants' failure to hire plaintiff — a 53-year-old woman — for the job constituted age and/or sex discrimination under the West Virginia Human Rights Act ("WVHRA), W. Va. Code § 5-11-9(1). Id. ¶¶ 16-25.

The proposed amended and supplemental complaint — attached to plaintiff's motion as Exhibit 1 – adds discriminatory termination of employment under W. Va. Code § 5-11-9(7)(C) as a new cause of action. It alleges that "[o]n March 13, 2020, the defendants maliciously and unlawfully terminated the plaintiff's employment" in retaliation for filing this civil action. Proposed Am. & Suppl. Compl. ¶¶ 17, 28-32, ECF No. 50-1 ("Suppl. Compl.").

Defendants oppose the motion, arguing that plaintiff's termination was unrelated to her filing of this complaint. See Defs.' Br. Opp. Pl.'s Mot., ECF No. 56 ("Defs.' Br. Opp."). During her deposition conducted on January 31, 2020, plaintiff admitted that she took confidential and proprietary business records from Mingo Logan's premises, made copies, and shared the contents of the files with her attorney and with her husband. See Pl.'s Dep. 105:14-106:15, ECF No. 56-1 ("Pl.'s Dep."). These records included plaintiff's personnel file, Mr. Thompson's personnel file, the list of candidates for the Human

Resources Manager position, and an insurance document for a policy held by Arch Coal, Inc.  Id. at 81:15-24, 105:14-106:15, 113:6-21; Defs.' Br. Opp. 2.  Plaintiff testified that she did not have anyone's permission to take this action and that it constituted a breach of defendants' Code of Business Conduct.

Defendants also attach copies of the Proprietary Information and Business Opportunities policy in the Code of Business Conduct, which provides that "Examples of confidential and proprietary information include[s] . . . Employee records." Defs.' Ex. B, at 4, ECF No. 56-2.  The policy further instructs that "you should consider any Company information that is not publicly available to be confidential and proprietary."  Id.  It adds, "You must not use any proprietary information, except as required by your job, or disclose it to any unauthorized person or company.  In addition, you must not copy or remove any proprietary information from Company property except as your job requires."  Id.  Finally, the Code provides that any violation of the Code or company policy can result in a disciplinary action, including "termination of employment."  Defs.' Ex. C, at 3, ECF No. 56-3.

On December 30, 2019, plaintiff met with Cory Chafin and Pam Tucker, who were conducting an internal investigation into plaintiff's conduct relating to misappropriating these

files. Pl.'s Dep. 172:15-173:2. Even though Mr. Chafin explained that failure to comply with the internal investigation could lead to her termination, plaintiff declined to participate. Id. at 173:3-23. During that conversation, Mr. Chafin and Ms. Tucker issued plaintiff a warning letter concluding,

> As a consequence of your violations of the Code, we could certainly discharge you from employment. However, we have decided instead to give you a warning that if you use for your personal purposes, copy or remove any other confidential and proprietary information, or if you otherwise violate the Code of Business Conduct or company policy, you will be subject to immediate employment termination.

Id.; Defs.' Ex. 4, at 2, ECF No. 56-4.

Defendants state that on March 4, 2020, plaintiff supplemented her discovery responses and produced documents showing that she had also copied confidential and propriety personnel records regarding Mr. Thompson's vacation time off. Defs.' Br. Opp. 5. Plaintiff made these copies on February 5, 2020, five days after her deposition. After another internal investigation regarding this breach, plaintiff was terminated on March 13, 2020. Id. She filed the pending motion the same day.

Plaintiff filed an untimely reply in support of her motion on April 22, 2020, arguing that her proposed amendment

contains enough allegations to survive a motion to dismiss. Pl.'s Reply, ECF No. 59 ("Pl.'s Reply").

## II. Legal Standard

Federal Rule of Civil Procedure 15(a), invoked by plaintiff, provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Plaintiff also invokes Rule 15(d), which provides, in pertinent part, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because plaintiff seeks to add a claim that arose after she filed her complaint as well as after the deadline for amending the pleadings, the court construes this as a motion brought under Rule 15(d).

When applying Rule 15(a), "leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424,

446 (4th Cir. 2001) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)). This standard and the standard used to rule on a Rule 15(d) motion "are nearly identical." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists,'" such as prejudice to the nonmovant, id. (quoting Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001)), the futility of amendment, an unreasonable delay in attempting to supplement, or if the amendment would "unduly delay resolution of the case." U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015) (quoting Hall v. C.I.A., 437 F.3d 94, 101 (D.C. Cir. 2006)).

### III. Discussion

"A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.'" Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)). A proposed amendment is also futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376

(4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

Although defendants contend that demonstrating futility requires a showing that the amendment would not survive either a motion to dismiss or a motion for summary judgment, the summary judgment standard applies where the proposed amendment was filed after discovery had closed, i.e., in the summary judgment stage of litigation. See Steinburg v. Chesterfield Cty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008) (affirming that motion was futile because the "proposed amended complaint would not survive summary judgment" where the district "court made this assessment after discovery in the case had been fully completed and after the court had assessed [plaintiff's] claims on the merits"); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) ("[T]he rule is different where, as here, the cross-motion is made in response to a Fed. R. Civ. P. 56 motion for summary judgment, and the parties have fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have presented all relevant evidence in support of their positions.").

Under the court's amended scheduling order, discovery closes on May 1, 2020. Plaintiff moved to supplement the complaint prior to the close of discovery and before any filing

of motions for summary judgment. Therefore, plaintiff's proposed supplemental complaint need only withstand a 12(b)(6) motion to dismiss for failure to state a claim.

Nonetheless, defendants argue that the proposed supplement is futile because it fails to state a claim for retaliation. Section 5-11-9(7) of the WVHRA provides in pertinent part:

> It shall be an unlawful discriminatory practice . . .
>
> (7) For any person [or] employer . . . to:
>
> (C) Engage in any form of reprisal or otherwise discriminate against any person because he or she has opposed any practices or acts forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

W. Va. Code § 5-11-9(7)(C).

A prima facie case of retaliatory discharge under the WVHRA requires a showing:

> (1) that the complainant engaged in protected activity, (2) that complainant's employer was aware of the protected activities, (3) that complainant was subsequently discharged and (absent other evidence tending to establish a retaliatory motivation), (4) that complainant's discharge followed his or her protected activities within such period of time that the court can infer retaliatory motivation.

Syl. Pt. 9, Roth v. DeFeliceCare, Inc., 700 S.E.2d 183, 186 (W. Va. 2010) (quoting Syl. Pt. 5, Hanlon v. Chambers, 464 S.E.2d

8

741, 745 (W. Va. 1995)). Upon making a prima facie case of retaliatory discharge, "the burden then shifts to the employer to prove a legitimate, nonpretextual, and nonretaliatory reason for the discharge. In rebuttal, the employee can then offer evidence that the employer's proffered reason for the discharge is merely a pretext for the discriminatory act." Syl, Pt. 2, Powell v. Wyoming Cablevision, Inc., 403 S.E.2d 717, 718 (W. Va. 1991).

The West Virginia Supreme Court of Appeals has held that claims brought under the WVHRA are governed by the same rubric as claims brought under Title VII of the Civil Rights Act of 1964 "unless there are variations in the statutory language that call for divergent applications or there are some other compelling reasons justifying a different result." Hanlon, 464 S.E.2d at 754; Barefoot v. Sundale Nursing Home, 457 S.E.2d 152, 159 (W. Va. 1995).

In her reply, plaintiff highlights that the United States Supreme Court has held that an "employment discrimination plaintiff need not plead a prima facie case of discrimination" because it "is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510, 515 (2002); Pl.'s Reply 9-10. Therefore, an employment discrimination plaintiff need not meet these prima facie

elements to survive a Rule 12(b)(6) motion to dismiss. See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (holding that "district court erred in its analysis by requiring her to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss").

Still, plaintiff must satisfy the requirements of Rule 8(a)(2), which requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); McCleary-Evans, 780 F.3d at 585. In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In applying this standard, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Such factual allegations should be distinguished from "mere conclusory statements," which are

not to be regarded as true. Iqbal, 556 U.S. at 678. The court must also "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

West Virginia "has recognized that the being terminated because of the filing of a sexual discrimination complaint against an employer involved the employee being engaged in a protected activity." Roth, 700 S.E.2d at 193 (citing Frank's Shoe Store v. W. Va. Human Rights Comm'n, 365 S.E.2d 251, 259 (W. Va. 1986)). If plaintiff was indeed fired as a result of filing this lawsuit alleging sex and/or age discrimination, she would be entitled to relief. See id.; FMC Corp. v. W. Virginia Human Rights Comm'n, 403 S.E.2d 729, 732 (W. Va. 1991).

Instead of focusing on the first three elements of a prima facie claim, defendants argue that plaintiff has not alleged facts to show a causal connection between the filing of this lawsuit to her discharge such that the court could infer a retaliatory motive. Defs.' Br. Opp. 8. In the context of Title VII cases, "a causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." Price v. Thompson, 380 F.3d 209, 213

11

(4th Cir. 2004). Yet, the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action . . . must be 'very close'" to provide prima facie evidence of causality. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam).

"Although there is no bright-line rule for temporal proximity, the Fourth Circuit has held that a lapse of three to four months between the employer's knowledge of protected activity and the alleged retaliation 'is too long to establish a causal connection by temporal proximity alone.'" King v. Pulaski Cty. Sch. Bd., 195 F. Supp. 3d 873, 886 (W.D. Va. 2016) (quoting Pascual v. Lowe's Home Centers, Inc., 193 F. App'x 229, 233-34 (4th Cir. 2006)). Here, there was a seven-month gap between the filing of this case on August 6, 2019 and plaintiff's termination on March 13, 2020. However, temporal proximity is only relevant for the purposes of establishing the prima facie element of retaliatory motivation. See Syl. Pt. 9, Roth, 700 S.E.2d at 186. If plaintiff cannot rely on temporal proximity alone, "evidence of recurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation." Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007) (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)).

The proposed supplemental complaint alleges that "defendants engaged in reprisals or other discriminatory actions, including termination of employment, against plaintiff."  Suppl. Compl. ¶ 28.  While plaintiff may lack evidence of causation to survive a motion for summary judgment, the court construes the proposed supplement liberally.  See Cummings-Fowler v. Suffolk Cty. Cmty. Coll., 282 F.R.D. 292, 299 (E.D.N.Y. 2012) (granting motion to amend complaint, reasoning that "while the Plaintiff will eventually have to meet the higher threshold for establishing a causal connection to prove a retaliation claim, proposed amendments are construed liberally").

Defendants argue that the internal investigation into plaintiff's misappropriation of documents provides a nonpretextual reason for its decision for the termination.  Defs.' Br. Opp. 9 (citing Johnson v. Indopco, Inc., 79 F.3d 1150 (Table), No. 95-2616, 1996 WL 122830, at *1 (7th Cir. 1996) (holding that district court's denial of motion to amend was not an abuse of discretion where plaintiff admitted in deposition that she took sensitive document home with her, disregarding instructions to destroy them, even though she knew the company "had clear rules prohibiting this conduct")).  At this stage, however, the court need not resolve whether defendants met their

13

burden to show a nonretaliatory reason for the discharge or whether plaintiff has evidence that the discharge was merely pretextual.

Finally, defendants argue that the proposed supplement is prejudicial because extensive discovery has already taken place and that further discovery would be needed if plaintiff adds her retaliation claim. Defs.' Br. Opp. 10-11. The need for further discovery does not necessarily prejudice defendants. See Coca-Cola Bottling Co. of Elizabethtown v. Coca-Cola Co., 668 F. Supp. 906, 923 (D. Del. 1987) ("[T]he necessity for further discovery does not constitute prejudice where the new claim is related to the defendant's earlier actions."). Since defendants filed their brief opposing the Rule 15 motion, the court granted the parties' joint motion to extend the deadline for completing discovery, which now closes on May 1, 2020. Requiring plaintiff to bring her retaliation claim in a separate action would not serve judicial economy. See Franks, 313 F.3d at 198 (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1505 (2d ed. 1990)). Moreover, plaintiff did not delay in bringing her retaliation claim: she moved to file the supplemental complaint on March 13, 2020, the same day she was terminated. The court does not find that the proposed supplemental complaint would unduly prejudice

defendants. If the filing of the supplemental complaint requires an extension of discovery, the party so requesting is directed to do so within 10 days.

## IV. Conclusion

Accordingly, the court ORDERS that plaintiff's motion be, and it hereby is, granted. The Clerk is directed to file the proposed supplemental complaint attached to plaintiff's motion as the supplemental complaint.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 24, 2020

John T. Copenhaver, Jr.
Senior United States District Judge